[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15140
Non-Argument Calendar

_____

BIA No. A74-288-155

VILON CESAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 20, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Vilon Cesar, a native and citizen of Haiti, petitions for review of

the Board of Immigration Appeals's ("BIA") final order finding him removable for having committed a crime of domestic violence. *See* INA § 237(a)(2)(E)(i); 8 U.S.C. § 1227(a)(2)(E)(i). Cesar was convicted of assault, in violation of Fla. Stat. § 784.011. The BIA found that the victim of this assault was Cesar's niece, who was residing with him at the time of the offense, and that the niece was a person protected by the domestic violence laws of Florida, pursuant to Fla. Stat. § 741.28(3).

Cesar argues that, under 8 U.S.C. § 1227(a)(2)(E)(i), a conviction is not for a "crime of domestic violence" as intended by the statute, unless the offense of conviction specifically penalizes violence against a family member. Therefore, Cesar asserts, the immigration judge could not merely rely on a police report to determine whether his assault conviction was for a "crime of domestic violence."

As an initial matter, we note that, as the parties agree, 8 U.S.C. § 1252(a)(2)(C)-(D) does not limit our jurisdiction to consider Cesar's petition because he presents only an issue of statutory interpretation, which is a question of law.

We review the BIA's statutory interpretation *de novo*, applying the two-step test articulated in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 2781-82. *See Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311, 1319 (11th Cir. 2006). Where, as here, the BIA has issued its own opinion,

we exclusively review that decision, except to the extent that it expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

An alien is removable if he commits a "crime of domestic violence." 8 U.S.C. § 1227(a)(2)(E)(i). A "crime of domestic violence" is a "crime of violence," as defined in 18 U.S.C. § 16, that is committed against a variety of particular victims, including "any other individual person who is protected from [the alien's] acts under the domestic or family violence laws of the United States or any State. . . ." *Id*. Florida law protects "persons who are presently residing together as if a family or who have resided together in the past as if a family" from domestic violence. Fla. Stat. § 741.28(3).

Under the limitations of *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990) and *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), a court determining the nature of a conviction may look at only statutory elements, charging documents, jury instructions, written plea agreement, plea colloquy transcript, and any explicit factual findings of the trial court to which the defendant assented or otherwise adopted. *Obasohan v. United States Att'y. Gen*., 479 F.3d 785, 788-89 (11th Cir. 2007).

Neither Cesar nor the government contests the BIA's rulings that (1) the determination of whether a conviction is a "crime of violence" under 18 U.S.C. § 16 and 8 U.S.C. § 1227(a)(2)(E)(i) is limited to *Taylor* and *Shepard* materials; or

3

(2) Cesar's conviction for assault under Fla. Stat. § 784.011 was a "crime of violence" within the meaning of 18 U.S.C. § 16.

Cesar does, however, contest the BIA's ruling that the determination of whether a particular crime of violence was a crime of *domestic* violence is not limited by the evidentiary requirements established in *Taylor* and *Shepard*. This is an issue of first impression in this circuit. Other circuits reaching this issue have split on the result. *Compare Flores v. Ashcroft*, 350 F.3d 666, 668-71 (7th Cir. 2003) (agreeing with the BIA's interpretation) *with Tokatly v. Ashcroft*, 371 F.3d 613, 619-24 (9th Cir. 2004) (disagreeing with the BIA's interpretation).

After reviewing the record, we conclude that we need not reach the question of statutory interpretation because Cesar admitted to the facts necessary to show that the victim of his assault conviction was a person protected under the domestic violence laws of the state of Florida. *See United States v. Bennett*, 472 F.3d 825, 832-34 (11th Cir. 2006) (holding that, under the evidentiary strictures of *Shepard*, where a defendant admitted—by not objecting to the Presentence Investigation Report and by statements at his sentencing hearing—that his robbery convictions were for residential robberies, the sentencing court could rely on these admissions in determining whether the robberies were violent felonies). Here, Cesar admitted that (1) his victim was his niece; (2) she resided with him at the time; (3) he had legal custody of her; and (4) he treated her as if she was his own daughter.

4

Therefore, she was a person protected by the domestic violence laws of the state of Florida. *See* Fla. Stat. § 741.28(3). As such, the BIA's determination that Cesar's conviction was for a crime of domestic violence is fully supported, even if we only consider *Taylor*/*Shepard* materials. *See Bennett*, 472 F.3d at 832-34. Accordingly, we deny Cesar's petition.

**PETITION DENIED.**